IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOVONNE ROSADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-148 |
| | ) | |
| CORRECT CARE SERVICES INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, formerly detained at Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* in this matter. On July 8, 2025, the Court ordered Plaintiff to pay the filing fee or submit a new motion to proceed *in forma pauperis* ("IFP") in light of the fact that Plaintiff had been released from detention. (Doc. no. 6.) Plaintiff was cautioned that failure to respond in the requisite twenty-one days would be an election to have this case voluntarily dismissed without prejudice. (See id. at 2.) The time to respond has passed, and Plaintiff has not complied with the Court's July 8th Order, nor has he provided the Court with any explanation why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't

of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

      Here, Plaintiff's failure to submit an updated IFP motion or pay the filing fee, or even to provide the Court with an explanation for his failure to comply with the Court's July 8th Order, amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Federal and Local Rules.  Plaintiff was warned that failure to comply with the Order could result in dismissal of his case. (Doc. no. 6, p. 2.)  Because Plaintiff previously sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.  Thus, dismissing this case without prejudice is appropriate.

      In sum, the time to respond has passed, and Plaintiff has not submitted a new IFP motion or paid the filing fee as required by the Court's July 8th Order.  Accordingly, the Court

**REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of August, 2025, at Augusta, Georgia.

```
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```